**AFFIRM; and Opinion Filed April 26, 2013.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-11-00665-CV

### JOSIAH BRUCE CLEVELAND, Appellant

### V.

### LIVE OAK STATE BANK, Appellee

**On Appeal from the 68th Judicial District Court
Dallas County, Texas
Trial Court Cause No. 10-03366-C**

## MEMORANDUM OPINION

Before Justices Lang-Miers, Myers, and Richter[1]
Opinion By Justice Richter

Guarantor Josiah Bruce Cleveland ("Cleveland") appeals from a summary

judgment rendered in favor of Live Oak State Bank ("Live Oak") for a deficiency claim

after foreclosure on real property securing the repayment of a promissory note. In two

issues, Cleveland argues the trial court erred in granting summary judgment because (1)

he raised a question of fact regarding the fair market value of the property at the time of

---

[1] The Honorable Martin E. Richter, Retired Justice, sitting by assignment.

foreclosure and (2) the waiver in the guaranty that he signed did not waive his right to the offset and if it did, the waiver was overbroad, unconscionable and unenforceable. We decide Cleveland's two issues against him and affirm the trial court's judgment. The background of the case is well known to the parties and we therefore, limit the recitation of the facts. We issue this memorandum opinion pursuant to Texas Rule of Appellate Procedure 47.4.

*Background*

In order to finance the purchase of an apartment building (the "Property"), on June 4, 2008 Cleveland Partners, L.P., borrowed $520,000 from Live Oak. The loan was secured by a promissory note and deed of trust for the benefit of Live Oak. On June 24, 2009, Cleveland signed an extension of the original loan on the Property. At the same time, Cleveland executed and delivered a deed of trust for the benefit of Live Oak as well as a Guaranty agreement in which he "absolutely and unconditionally guarantees to [Live Oak] the full and prompt payment when due, whether at maturity or earlier by reason of acceleration or otherwise, of the debts, liabilities and obligations described . . . ." As part of the guaranty agreement, Cleveland agreed to waive

> *any and all defenses*, claims and discharges of Borrower, or any other obligor, pertaining to Indebtedness, except the defense of discharge by payment in full. Without limiting the generality of the foregoing, the Undersigned will not assert, plead or enforce against Lender any defense of waiver, release, statute of limitations, res judicata, statute of frauds, fraud, incapacity, minority, usury, illegality or unenforceability which may be available to Borrower or any other person liable in respect of any Indebtedness, or *any setoff* available against Lender to Borrower or any

such other person, whether or not on account of a related transaction. The Undersigned expressly agrees that the Undersigned shall be and remain liable, to the fullest extent permitted by applicable law, for any deficiency remaining after foreclosure of any mortgage or security interest securing Indebtedness, whether or not the liability of Borrower or any other obligor for such deficiency is discharged pursuant to statute or judicial decision. The undersigned shall remain obligated, to the fullest extent permitted by law, to pay such amounts as though the Borrower's obligations had not been discharged. (emphasis added)

Cleveland defaulted on his obligations under the note and Live Oak exercised its right to sell the property at a public auction. Live Oak was the highest bidder and purchased the property for $415,000. After the proceeds from the foreclosure sale were applied to Cleveland's indebtedness, a deficiency balance on the note remained due and owing.

Live Oak then sued Cleveland to recover the deficiency and moved for summary judgment. Live Oak alleged it was entitled to summary judgment because Cleveland had waived all defenses to payment of the debt evidenced by the promissory note. In response, Cleveland did not dispute he personally guaranteed the note or that he failed to pay the deficiency that Live Oak alleged remained after the foreclosure sale. Rather, he disputed the amount of the deficiency owed and the validity of the waiver of defenses stating the waiver was "massively overbroad . . . unconscionable and unenforceable." The trial court granted Live Oak's motion for summary judgment and awarded it the outstanding amounts due plus interest and costs of court.

*Standard of Review*

We review the trial court's decision to grant or deny a motion for summary judgment de novo. *See Tex. Mun. Power Agency v. Pub. Util. Comm'n of Tex.*, 253

-3-

S.W.3d 184, 192 (Tex. 2007). For a traditional motion for summary judgment, the movant has the burden to demonstrate that no genuine issue of material fact exists and he is entitled to judgment as a matter of law. *See* TEX. R. CIV. P. 166a(c); *Nixon v. Mr. Prop. Mgmt. Co.*, 690 S.W.2d 546, 548-49 (Tex. 1985). All evidence favorable to the non-movant will be taken as true when deciding whether there is a disputed material fact issue precluding summary judgment. *Nixon*, 690 S.W.2d at 548. Every reasonable inference must be indulged in favor of the non-movant and any doubts resolved in its favor. *Id.* at 549.

*Discussion*

On appeal, Cleveland essentially raises the same arguments as he did in the trial court. That is, he asserts (1) he raised a question of fact regarding the fair market value of the property at the time of foreclosure and (2) the waiver in the guaranty that he signed did not waive his right to the offset and if it did, the waiver was overbroad, unconscionable and unenforceable.

We first address Cleveland's second issue of whether the guaranty signed by Cleveland waived his right to a setoff under chapter 51 of the property code. *See* TEX. PROP. CODE ANN. § 51.003 (West 2007). Cleveland claims that if the waiver is found to waive his right of a setoff, then the waiver must be unconscionable and unenforceable because it waives "all defenses" and "any setoff available against the Lender."

In three recent decisions, after this case was filed but prior to submission, this Court has issued opinions relevant to Cleveland's claims. This Court decided the question

of whether the right of offset pursuant to § 51.003(c) could be waived by general terms in a guaranty agreement. *See Interstate 35/Chisam Road, L.P. v. Moayedi*, 377 S.W.3d 791 (Tex. App.—Dallas 2012, pet. filed). In *Moayedi*, the guarantee agreement in question stated Moayedi's liability for indebtedness would not be discharged or affected by "any defense" other than full payment of the indebtedness, and he waived "each and every such defense" he might have as to his liabilities and obligations under the agreement. *Id.* at 794. We concluded the waiver language of "any defense" and "each and every defense" encompassed all possible defenses, statutory or otherwise, that might be available to a guarantor. *Id.* at 801. Further, we rejected Moayedi's contention that Texas public policy prohibits waiver of § 51.003 rights observing that various courts have concluded chapter 51 rights of offset may be contractually waived. *See id.*

Next we issued *King v. Park Cities Bank*, No. 05-11-00593-CV, 2012 WL 3144881 (Tex. App.—Dallas Aug. 3, 2012, no pet.) (mem. op., not designated for publication). King was a guarantor who claimed the right to offset under property code § 51.003 could not be contractually waived nor was the language of the waiver he signed specific enough to effectuate the waiver of a right of offset. *Id.* at *2. We concluded a guarantor could waive his right to an offset under property code § 51.003 through the terms of the guaranty. *Id.* at *3. We also concluded the agreement, referring to "any claim of setoff" along with language stating the Guarantors relinquished any rights or defenses which may prevent the Bank from bringing a claim for deficiency and "any defenses given to guarantors at law or in equity other than actual payment and performance of the

Indebtedness," was sufficient to waive the Guarantor's right of offset under §51.003(c). *Id*.

Finally, this Court held the statutory protections in chapter 51 of the property code could be waived as a matter of law. *See Toor v. PNC Bank, Nat'l Ass'n*, No. 05-11-00012-CV, 2012 WL 3637284, *4 (Tex. App.—Dallas Aug. 24, 2012, no pet.) (mem. op., not designated for publication). In *Toor*, the language of the Guaranty stated the "Guarantor further waives and agrees not to assert or claim at any time any deductions to the amount guaranteed under this Guaranty for any claim of setoff, . . . ." *Id*. at *1. Following our decision in *Moayedi*, we concluded a "guarantor may waive his right to an offset under property code § 51.005 through the terms of the guaranty." *Id*. at *4.

Cleveland fails to show us how the Guaranty in this case differs from these other cases.[2] Following our decisions in *Moayedi*, *King*, and *Toor*, we conclude Cleveland waived his right to "any defenses" or "any setoff" under the Guaranty which he signed. *See Moayedi*, 377 S.W.3d at 801(concluding § 51.003 rights may be contractually waived); *King*, 2012 WL 3144881 at *3 (concluding rights under property code § 51.003 may be waived through the terms of the guaranty); and *Toor*, 2012 WL 3637284 at *4 (rejecting the claim that the statutory protections of Chapter 51 could not be waived as a matter of law based on public policy grounds). We are bound by decisions of the United States Supreme Court, the Texas Supreme Court and prior decisions of this Court. *See*

---

[2] Cleveland not only fails to differentiate his Guaranty but he fails to cite to our decisions in *Moayedi*, *King*, or *Toor* anywhere in his briefing.

*Owen v. Jim Allee Imports, Inc.*, 380 S.W.3d 276, 284 (Tex. App.—Dallas 2012, no pet.).

Accordingly, we overrule Cleveland's second issue.

*Conclusion*

Because we conclude Cleveland waived his right of offset under § 51.003 of the Texas Property Code, we need not address his first issue regarding the fair market value of the property relevant to the offset. *See* TEX. R. APP. P. 47.1.

We affirm the judgment of the trial court.

/Martin Richter/
MARTIN RICHTER
JUSTICE, ASSIGNED

Do Not Publish
TEX. R. APP. P. 47

110665F.U05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

JOSIAH BRUCE CLEVELAND,
Appellant

No. 05-11-00665-CV          V.

LIVE OAK STATE BANK, Appellee

Appeal from the 68th Judicial District
Court of Dallas County, Texas (Trial Court
No. 10-03366-C).
Opinion delivered by Justice Richter,
Justices Lang-Miers and Myers
participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**. It is **ORDERED** that appellee LIVE OAK STATE BANK recover its costs of this appeal from appellant JOSIAH BRUCE CLEVELAND.

Judgment entered April 26, 2013.

/Martin Richter/
MARTIN RICHTER
JUSTICE, ASSIGNED